FILED
SCRANTON

NOV 18 2011

PER _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STACY M. HRONICH,            :
        Plaintiff            :
                             :
                             :     CIVIL ACTION NO. 3:10-2442
        v.                   :
                             :     (JUDGE NEALON)
MICHAEL J. ASTRUE,           :
Commissioner of Social Security,  :   (MAGISTRATE JUDGE CARLSON)
        Defendant            :

## MEMORANDUM and ORDER

On November 24, 2010, Plaintiff, Stacy Hronich, filed a complaint seeking review of the denial of her application for disability insurance benefits ("DIB") and supplemental security income ("SSI"). (Doc. 1). A Report was issued by United States Magistrate Judge Martin C. Carlson on July 1, 2011 recommending that Plaintiff's appeal be denied. (Doc. 7). Plaintiff filed objections to the Report and Recommendation ("R&R") on July 15, 2011 and Defendant filed a response on July 28, 2011. (Docs. 8, 9). The matter is ripe for resolution and, for the reasons set forth below, the R&R will be adopted.

## Standard of Review

When objections to a report and recommendation have been filed, the court must make a de novo determination of those portions of the report to which specific objections are made. Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); Goney v. Clark, 749 F.2d 5, 6-7 (3d Cir. 1984). The court "may accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report. 28 U.S.C. § 636(b)(1)(C); Local Rule 72.3. Further, the court may, in the exercise of sound judicial discretion, rely on the magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 676, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980); Goney, 749 F.2d at 7. When no objections are made to a

report, the district court is not statutorily required to review the magistrate judge's factual or legal conclusions under a <u>de novo</u> or any other standard. <u>Thomas v. Arn</u>, 474 U.S. 140, 149, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); <u>Peter v. Wynder</u>, 2008 U.S. Dist. LEXIS 57782, *4-5 (M.D. Pa. 2008) (Jones, J.).

**Background**

Plaintiff protectively filed an application for DIB and SSI on September 4, 2007, alleging disability since August 15, 2007 due to mental and physical impairments. (TR. 94-104, 117). After her request for benefits was denied at the initial level, Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ"). (TR. 72-83). A hearing was held before ALJ Richard Zack on August 21, 2009. (TR. 44-68). The ALJ issued a decision on September 14, 2009 denying Plaintiff benefits. (TR. 17-25). Plaintiff then requested review by the Appeals Council, which denied her request on September 24, 2010, making the decision of the ALJ final. (TR. 1-13). The instant appeal followed on November 24, 2010. (Doc. 1). On April 8, 2011, Plaintiff filed a brief in support of her appeal. (Doc. 5). Defendant filed an opposing brief on May 10, 2011. (Doc. 6). The Magistrate Judge issued a Report on July 1, 2011 recommending that the appeal be denied. (Doc. 7). Plaintiff filed timely objections to the R&R on July 11, 2011 and Defendant filed a response on July 28, 2011. (Docs. 8, 9).

**Disability Determination Process**

The Social Security Regulations establish a five-step evaluation process which is used to determine if a person is entitled to disability benefits. <u>See</u> 20 C.F.R. § 404.1520. If at any step in the process the Commissioner finds that a plaintiff is disabled or not disabled, review does not proceed any further. 20 C.F.R. §§ 404.1520, 416.920. The steps in the process are as follows:

(1) Is the individual engaging in substantial gainful activity?  (2) Does the individual have a

severe impairment?  (3) Does the individual have an impairment which meets or equals the

listing of impairments as set forth in 20 C.F.R. part 404, subpart P, appendix 1?  (4) Does the

individual retain the residual functional capacity ("RFC") to engage in his/her past relevant

work? and  (5) If an individual does not have the capacity to engage in his/her past work, does

s/he retain the capacity to perform jobs which exist in significant numbers in the national

economy?  See Social Security Ruling 86-8; 20 C.F.R. § 404.1520.

The disability determination involves shifting burdens of proof.  Mason v. Shalala, 994

F.2d 1058, 1063-64 (3d Cir. 1993).  The initial burden rests with the claimant to demonstrate that

he or she is unable to engage in his or her past relevant work.  Id. at 1064.  If the claimant

satisfies this burden, then the Commissioner must show that jobs exist in the national economy

that a person with the claimant's abilities, age, education, and work experience can perform.  Id.

## Discussion

In the present matter, the ALJ proceeded through each step of the sequential evaluation

process and determined that Plaintiff was not disabled.  (TR.17-25).  The ALJ determined that

Plaintiff has not engaged in substantial gainful activity since her alleged onset date, August 17,

2007.  (TR. 19).  The ALJ next determined that Plaintiff suffered from the severe impairments of

scoliosis, anxiety, and depression, but she did not have an impairment or combination of

impairments that met or medically equaled the listing requirements.  (TR. 19-21).  The ALJ

found that Plaintiff is unable to perform any of her past relevant work, but she retained the

residual functional capacity to perform a range of sedentary work.  (TR. 21-23).  The ALJ

determined that there were a significant number of jobs in the national economy that Plaintiff

could perform.  (TR. 24).  Plaintiff was therefore found to be not disabled within the meaning of

the Social Security Regulations.  (TR. 25).  Plaintiff sought review of the ALJ's decision,

however the Appeals Council denied review and Plaintiff appealed to this Court.  (TR. 1-7).  In

the Report and Recommendation, the Magistrate Judge found that substantial evidence supports

the ALJ's decision and he recommended that Plaintiff's appeal be denied.  (Doc. 7).

     In her objections, Plaintiff contends as follows:

1.     The Magistrate Judge erred in evaluating the opinions of the treating physicians, specifically those of Dr. Mistal and Dr. Berger.

2.     The Magistrate Judge erred in considering Plaintiff's receipt of unemployment benefits.

3.     The Magistrate Judge erred in the residual functional capacity determination.

(Doc. 8).

     Defendant argues that Plaintiff raised these exact arguments in the brief in support of her

appeal and that the objections should be overruled.  (Doc. 9).  Upon review, Plaintiff's objections

essentially restate the arguments raised in the brief in support of her appeal.  (Docs. 5, 8).

See Hutson v. Vaughn, 2004 WL 717178 (E.D. Pa. 2004) (overruling the objections after

determining that petitioner's objections simply restated his prior contentions and that the

Magistrate Judge properly reviewed the arguments in the Report and Recommendation),

affirmed, 262 Fed. Appx. 474 (3d Cir. 2008).  Regardless, these objections will be addressed

below.

     *Treating Physicians' Opinions*

     The ALJ is required to evaluate every medical opinion received.  20 C.F.R. §

404.1527(d).  The better an explanation a source provides for an opinion, particularly through

medical signs and laboratory findings, the more weight the ALJ will give that opinion. 20 C.F.R.

§ 404.1527(d)(3). While treating physicians' opinions may be given more weight, there must be

relevant evidence to support the opinion. 20 C.F.R. § 404.1527(d). Automatic adoption of the

opinion of the treating physician is not required. See Jones v. Sullivan, 954 F.2d 125, 129 (3d

Cir. 1991). In addition, the issue of disability determination is reserved to the Commissioner. 20

C.F.R. § 416.927(e)(3).

Plaintiff objects to the Magistrate Judge's determination that the ALJ properly evaluated

the opinions of the treating physicians. (Doc. 8, pgs. 1-3). Specifically, Plaintiff argues that the

ALJ improperly discounted the opinions of Drs. Mistal and Berger. (Doc. 8, pg. 2). Plaintiff

states that, although Dr. Mistal found that she could perform sedentary work, he questioned her

ability to perform sustained work. (Doc. 8, pg. 2). She argues that the ALJ erred in finding that

she is capable of performing a full range of sedentary work, as this finding is inconsistent with

Dr. Mistal's opinion. (Doc. 8, pg. 2). The Magistrate Judge noted that physical examinations

consistently showed that Plaintiff had normal neurological findings and muscle strength in all

extremities. (Doc. 7, pg. 25). Plaintiff argues that the Magistrate Judge erred in relying on these

findings. (Doc. 8, pg. 3).

In August 2009, Dr. Mistal completed a Physical Medical Assessment Form of Plaintiff's

ability to do work-related activities. (TR. 394-397). Dr. Mistal found that Plaintiff could lift and

carry 10 to 15 pounds; stand and walk for a total of 3 hours during an 8 hour workday, standing

for 15 minutes uninterrupted; sit 4 hours during an 8 hour workday, sitting for 30 minutes

uninterrupted; could occasionally balance, stoop, crouch and kneel, but could never climb or

crawl; she is limited in reaching, handling and pushing/ pulling and restricted around heights,

moving machinery, temperature extremes, humidity, vibration. (TR. 394-397). The ALJ

considered Dr. Mistal's findings and determined that Plaintiff could perform a range of sedentary

work with the limitations as stated by Dr. Mistal. (TR. 21-22). Specifically, the ALJ found that

Plaintiff could perform a sedentary work with the following limitations: she can lift and carry 10

pounds occasionally and 2-3 pounds frequently; she can sit for 30 minutes at a time; stand and/or

walk for up to 15 minutes at a time, but no more than 2-3 hours consecutively in an 8-hour

workday; she cannot do work that requires dealing with the public or working in crowds of

strangers; she can understand, remember and carry out simple instructions and make simple

work-related decisions; she can respond appropriately to supervision, co-workers and usual work

situations; and she can handle changes in a routine work setting appropriately. (TR. 21-22).

Ultimately, the ALJ determined that although Plaintiff has ceratin severe impairments,

they are not completely disabling and she is still capable of performing a range of sedentary

unskilled work with limitations. (TR. 22). The Magistrate Judge did not err in finding that

substantial evidence supports the ALJ's evaluation of Dr. Mistal's opinion.

Regarding her alleged mental impairments, Plaintiff notes that Dr. Berger found that she

has a global assessment of functioning score of 50 and below, and marked impairments in each

category of functioning. (Doc. 8, pg. 2; TR. 198-201). Dr. Berger is Plaintiff's primary care

physician and he diagnosed Plaintiff with Major Depressive Disorder and recurrent Generalized

Anxiety Disorder. (TR. 198-210, 339-59). Plaintiff states that the ALJ erred in his evaluation of

her mental impairments in each category of functioning. (Doc. 8, pg. 2). Further, she argues that

the Magistrate Judge incorrectly discounted Dr. Berger's opinion by finding that she can take

care of her own personal needs, has a boyfriend, was coherent during the ALJ hearing, and only

attempted suicide twice. (Doc. 8, pgs. 2-3).

The ALJ evaluated Plaintiff's alleged mental impairments pursuant to 20 C.F.R. Part 404, Subpart P, Appendix 1. (TR. 20-21). Pursuant to the "B" criteria of the listings, the ALJ determined that Plaintiff had only mild restrictions of activities of daily living, moderate difficulties maintaining social functioning, moderate difficulties maintaining concentration, persistence or pace, and no repeated episodes of decompensation. (TR. 20-21); 20 C.F.R. Pt. 404, Subpt. P, App. 1. The ALJ found that Plaintiff failed to meet the "B" criteria because she does not have marked limitations in two areas of functioning. (TR. 21). The ALJ also found that Plaintiff failed to meet the "C" criteria of the listings. (TR. 21); 20 C.F.R. Pt. 404, Subpt. P, App. 1. The ALJ noted that Plaintiff had one to two episodes of decompensation, but not repeated episodes of decompensation, each of extended duration. (TR. 21).

As noted, the ALJ determined that Plaintiff's anxiety and depression were severe impairments; however, they only cause a limitation on her ability to work and are not completely disabling. Upon review, the Magistrate Judge did not err in determining that substantial evidence supports the ALJ's evaluation of Dr. Berger's opinion and his findings regarding Plaintiff's alleged mental impairments.

### Unemployment Benefits

Plaintiff next argues that the Magistrate Judge erred in finding that her receipt of unemployment benefits disqualified her from receiving social security benefits. (Doc. 8, pg. 3). The Magistrate Judge determined that Plaintiff's receipt of unemployment benefits during the time of her disability contradicted her allegation that she was unable to work. (Doc. 7, pgs. 29-31). The Magistrate Judge noted that, to qualify for unemployment benefits, Plaintiff was

required to show that she was ready, willing and able to work and was currently looking for work. (Doc. 7, pg. 29).

Plaintiff states that even if her receipt of unemployment benefits precludes her from receiving social security disability benefits, her unemployment benefits stopped in 2008 and she therefore would have been qualified to receive social security disability benefits in 2008. (Doc. 8, pg. 3). Further, she argues that she was not required to show that she was "ready, willing and able to work for full time, unrestricted duty." (Doc. 5, pg. 14). Rather, she argues that she was only required to show her ability to perform limited, part-time restricted work. (Doc. 5, pg. 14).

As the Magistrate Judge noted, "Plaintiff cannot argue both that she was ready, able and willing to work for the purposes of unemployment compensation benefits while also claiming that she is totally disabled and unable to work for the purposes of Social Security disability benefits." (Doc. 7, pg. 30). In Myers v. Barnhart, the Third Circuit Court of Appeals stated that "it was entirely proper for the ALJ to consider that Myers' receipt of unemployment benefits was inconsistent with a claim of disability during the same period." Myers, 57 Fed. Appx 990, 997 (3d Cir. 2003) (citing Johnson v. Chater, 108 F.3d 178, 180 (8th Cir. 1997)). Accordingly, the Magistrate Judge did not err in determining that the ALJ was entitled to consider Plaintiff's receipt of unemployment benefits during the time period she alleged that she was disabled.

*Residual Functional Capacity Determination*

Lastly, Plaintiff argues that the ALJ erred in his residual functional capacity assessment. (Doc. 8, pgs. 4-5). Plaintiff specifically objects to the ALJ's findings that she can understand, remember and carry out simple instructions, make simple work-related decisions, respond appropriately to supervision, coworkers and usual work settings, and handle changes in a routine

work setting appropriately. (Doc. 8, pg. 4).

In Burnett v. Commissioner of Social Security, 220 F.3d 112 (3d Cir. 2000), the Court of

Appeals for the Third Circuit stated:

> "In making a residual functional capacity determination, the ALJ must consider all
> evidence before him. . . Although the ALJ may weigh the credibility of the
> evidence, he must give some indication of the evidence which he rejects and his
> reason(s) for discounting such evidence. . . . In the absence of such an indication,
> the reviewing court cannot tell if significant probative evidence was not credited
> or simply ignored."

Id. at 121 (internal citations and quotations omitted). RFC refers to what a plaintiff can do

despite her limitations. 20 C.F.R. § 404.1545(a). In determining the plaintiff's RFC, the ALJ

must consider all relevant evidence, including the medical evidence of record and the plaintiff's

subjective complaints. 20 C.F.R. § 404.1545(a). At the hearing level, the responsibility for

determining a plaintiff's residual functional capacity is reserved for the ALJ. 20 C.F.R. §

404.1546. The final responsibility for determining the RFC is reserved for the Commissioner,

who will not give any special significance to the source of another opinion on this issue. 20

C.F.R. §§ 404.1527(e)(2), (3).

In the present matter, the ALJ considered Plaintiff's impairments and determined that she

has the residual functional capacity to perform a range of sedentary, unskilled work. (TR. 21-

23). The ALJ found that although Plaintiff has severe impairments, they are not completely

disabling. (TR. 22). The ALJ accounted for Plaintiff's limitations by finding that she could

perform a range of sedentary work with several limitations. The Magistrate Judge determined

that substantial evidence supports the ALJ's finding. (Doc. 7, pg. 31-38). Upon review, the

Magistrate Judge has not erred in determining that substantial evidence supports the ALJ's

residual functional capacity assessment.  Accordingly, the Magistrate Judge's Report and

Recommendation will be adopted.  An appropriate Order follows.


Date: November 18, 2011

_____
United States District Judge

### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STACY M. HRONICH,                  :
    Plaintiff                      :
                                   :   CIVIL ACTION NO. 3:10-2442
    v.                             :
                                   :   (JUDGE NEALON)
MICHAEL J. ASTRUE,                 :
Commissioner of Social Security,   :   (MAGISTRATE JUDGE CARLSON)
    Defendant                      :

### ORDER

**AND NOW**, this 18th day of November, 2011, **IT IS HEREBY ORDERED THAT**:

1.   The Magistrate Judge's Report and Recommendation (Doc. 7) is **ADOPTED**.

2.   Plaintiff's Objections (Doc. 8) to the Magistrate Judge's Report and Recommendation are **OVERRULED**.

3.   Plaintiff's appeal is **DENIED**.

4.   The Clerk of Court is directed to **CLOSE** this case.


**United States District Judge**